245B (Rev. 09/19)  Judgment in a Criminal Case  (Form modified within District on October 3, 2024)
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Sean Jones | ) | Case Number: 7:S1 22-CR-242 (PMH) |
| | ) | USM Number: 95086-509 |
| | ) | Benjamin Gold, Esq. |
| | ) | Defendant's Attorney |

**HE DEFENDANT:**

[x] pleaded guilty to count(s)  1 of the Superseding Information

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty.

he defendant is adjudicated guilty of these offenses:

| itle & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 3 U.S.C. §§ 2252A(a)(B) and (b)(1) | Receipt and Distribution of Child Pornography | 2/19/2022 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to e Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[x] Count(s)  all open counts  [ ] is  [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, e defendant must notify the court and United States attorney of material changes in economic circumstances.

5/29/2025
Date of Imposition of Judgment

_/s/ signature_
Signature of Judge

Hon. Philip M. Halpern, U.S.D.J.
Name and Title of Judge

5/30/2025
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
96 months

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends to the Bureau of Prisons that the Defendant be designated to FMC Devens for its sex offender treatment program. If Defendant is not placed at FMC Devens, the Court recommends that the Defendant be designated to a facility with a sex offender treatment program as close as possible to Mesa, Arizona.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

10 years

# MANDATORY CONDITIONS

- You must not commit another federal, state or local crime.
- You must not unlawfully possess a controlled substance.
- You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
- ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
    - ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
    - ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
    - ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
       Sheet 3B — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# ADDITIONAL SUPERVISED RELEASE TERMS

You must submit to a search of your person, property, residence, office, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage. The probation officer may conduct a search under this condition only when there is reasonable suspicion that you have violated a condition of your supervision or committed a new crime, and that the areas to be searched contain evidence of this violation or crime. The search must be conducted by a United States Probation Officer, although other law enforcement officers may assist the probation officer. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

You shall undergo a sex-offense-specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program approved by the U.S. Probation Office. You shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing and refraining from accessing websites, chatrooms, instant messaging, or social networking sites to the extent that the sex offender treatment and/or mental health treatment program determines that such access would be detrimental to your ongoing treatment. You will not view, access, possess, and/or download any pornography involving adults unless approved by the sex-offender specific treatment provider. You must waive your right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the U.S. Probation Office to review the course of treatment and progress with the treatment provider. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the sex offender treatment provider and/or mental health treatment provider.

You shall permit the U.S. Probation Office to install any application or software that allows it to survey and/or monitor all activity on any computer(s), automated service(s), or connected devices that you will use during the term of supervision and that can access the internet (collectively, the "Devices"), and the U.S. Probation Office is authorized to install such applications or software. Tampering with or circumventing the U.S. Probation Office's monitoring capabilities is prohibited. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced examinations of any Device(s) that are subject to monitoring. You must notify any other people who use the Device(s) that it is subject to examination pursuant to this condition. You must provide the U.S. Probation Office advance notification of planned use of any Device(s), and will not use any Device(s) without approval until compatibility (i.e., software, operating system, email, web-browser) is determined and installation is completed. Applications for your Device(s) shall be approved by the U.S. Probation Office once the Probation Office ensures compatibility with the surveillance/monitoring application or software. Websites, chatrooms, messaging, and social networking sites shall be accessed via the Device(s) web browser unless otherwise authorized. You will not create or access any internet service provider account or other online service using someone else's account, name, designation or alias. You will not utilize any peer-to-peer and/or file sharing applications without the prior approval of your probation officer. The use of any Device(s) in the course of employment will be subject to monitoring or restriction as permitted by the employer.

You are restricted from viewing, accessing, possessing, and/or downloading any sexually explicit material involving minors, including those created via the method of morphing or other image creation format. You will not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" by a minor under the age of 18.

You must not have deliberate contact with any child under 18 years of age, unless approved by the U.S. Probation Office. You must not loiter within 100 feet of places regularly frequented by children under the age of 18, such as schoolyards, playgrounds, and arcades. You must not view and/or access any web profile of users under the age of 18. This includes, but is not limited to, social networking websites, community portals, chat rooms or other online environment (audio/visual/messaging), etc. which allows for real time interaction with other users, without prior approval from your probation officer.

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

## ADDITIONAL SUPERVISED RELEASE TERMS

You will not access any websites, chatrooms, instant messaging, or social networking sites where your criminal history-including this conviction-would render such access in violation of the terms of service of that website, chatroom, instant messaging, or social networking site.

You must not have contact with the victim(s) in this case. This includes any physical, visual, written, or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with the victim(s).

You must provide the probation officer with access to any requested financial information.
You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

It is recommended that you be supervised by the district of residence.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 100.00   | $ 21,660    | $    | $                | $                 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee          | Total Loss*** | Restitution Ordered | Priority or Percentage |
|------------------------|---------------|---------------------|------------------------|
| See schedule of victims |               | $21,660.00          |                        |
| TOTALS                 | $ 0.00        | $ 21,660.00         |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO (Rev 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 8 of 8

DEFENDANT: Sean Jones
CASE NUMBER: 7:S1 22-CR-242 (PMH)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
Pursuant to the Order of Restitution signed on May 29, 2025, the Defendant shall commence monthly installment payments in an amount equal to ten percent of the Defendant's gross income, payable on the first of each month, upon release from prison. Additional conditions, see Order of Restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*     Total Amount     Joint and Several Amount     Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The specific property identified in the Consent Preliminary Order of Forfeiture as to Specific Property, 7:S1 22-cr-242 (PMH), signed on May 29, 2025.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.